UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SWEELEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:25-cv-00601-EPG<br><br>ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 14, 24, 30). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 29).

Plaintiff argues that the Administrative Law Judge (ALJ) failed to follow the Court's remand order in the previous case of *Sweeley v. Commissioner of Social Security*, 1:23-cv-1209-EPG. In that order, the Court concluded that the RFC was not supported by substantial evidence because, although the ALJ had found Dr. Bowerman's opinion to be persuasive and consistent with the record, the ALJ failed "to account for the moderate limitations opined by Dr. Bowerman when formulating the RFC." (1:23-cv-1209-EPG, ECF No. 18, p. 12). On remand, the ALJ changed its previous evaluation of a portion of Dr. Bowerman's opinion from persuasive to "not

1

persuasive," and did not incorporate Dr. Bowerman's moderate limitations into the RFC as directed by the Court's remand order.  (A.R. 598).

Having reviewed the record, administrative transcript, parties' briefs, and the applicable law, the Court concludes as follows.

## I.   BACKGROUND

### A.  ALJ Misenti's First Decision

Plaintiff filed an application for supplemental security income benefits in February 2020, and ALJ Vincent A. Misenti issued a decision in July 2022 denying him benefits. (A.R. 33). As part of that decision, ALJ Misenti discussed the medical opinion of Dr. Sara Bowerman extensively and concluded that her opinion was "persuasive as overall it is consistent with, and supported by, evidence in the record, as well as examination of the claimant." (A.R. 27). The ALJ's discussion of Dr. Bowerman's opinion states:

> At the request of this Agency, the claimant underwent a psychological evaluation on February 22, 2021, with Sara Bowerman Ph.D. wherein the doctor diagnosed an Attention Deficit Hyperactivity Disorder, Autism Spectrum Disorder, Generalized Anxiety Disorder, and Borderline Intellectual Functioning. Dr. Bowerman opined the claimant had mild impairment in his ability to understand, remember, and carry out simple one or two-step job instructions and ability to maintain concentration, attention, and for pacing, tracking, and scanning. The claimant has moderate limitations in his ability to understand, remember, and carry out detailed, but uncomplicated, job instructions; ability to respond appropriately to co-workers and supervisors and the public; ability to respond appropriately to usual work situations (attendance, safety, etc.); ability to deal with changes in a routine work setting; and neurodevelopmental and anxiety disorders moderately impair his ability to interact with others in socially acceptable ways. Further, Dr. Bowerman opined the claimant had marked limitations in his ability to understand, remember, and carry out an extensive variety of technical and/or complex job instructions (Exhibit 8F).

> The opinion of Dr. Bowerman is persuasive as overall it is consistent with, and supported by, evidence in the record, as well as examination of the claimant. Overall, the opinion is consistent with the claimant's diagnosis and treatment history, his activities, statements of the claimant and third parties, his education and work history, and unremarkable objective examination findings. Additionally, the following observations, findings, and statements of the claimant are consistent with the opinion, evidence in the record, as well as the findings herein.

> Dr. Bowerman noted the claimant arrived on time for his appointment and was a fair historian. He had a valid Driver's License. The claimant drove himself to the

appointment. He was dressed in casual clothing and presented as cooperative.

Dr. Bowerman observed that throughout the interview and evaluation the claimant had some challenges with social-emotional reciprocity, awkward body language, and his speech was very monotoned and did not fluctuate with tonality. Dr. Bowerman observed several times throughout the interview and evaluation that the claimant was anxious as reflected in his body language; adjusting and readjusting his arms and legs, taking his sunglasses on and off and distancing himself away from the evaluator. Further, the claimant reported being forgetful. Dr. Bowerman noted there were moments throughout the evaluation where the claimant would need questions repeated and had some difficulties in answering them within the context presented.

The claimant reported attending intermittent counseling since childhood and was presently meeting virtually with a mental health provider.

The claimant reported at the time he was living alone. He has no difficulties getting along with other people in his life. He does not regularly talk with anyone on the phone or internet. He does not regularly visit with anyone. He reported a closed relationship with "my dad." He does not belong to any groups, clubs or organizations. He reported a history of termination of employment due to "never fitting in." He reported a fear of strangers and denied feelings of social isolation.

The claimant reported working in the past as a college math teacher and doing yard work. He was unable to identify the job he held the longest but stated he has been teaching since 2008. He reportedly last worked in 2019 but left the position, explaining "I don't really know why." He went on to say he has not returned to work because he has not been offered any assignments.

The claimant reported spending an average day eating meals and performing yard work for people. He does his own shopping bi-weekly but requires some assistance. He drives himself to appointments and complete personal errands. He is unable to use public transportation, "because of germs." He feeds his cats and does some vacuuming. He does not require assistance completing chores and described his ability to complete household chores as "good." He is able to complete household tasks timely. He prepares his own meals and attends to his grooming, and bathing or dressing. He reports poor sleep due to difficulty quieting his thoughts. He is able to count change, manage and balance a checkbook, and pay his bills in a timely fashion.

Dr. Bowerman noted the claimant was poorly groomed and casually dressed. His clothing was dirty and in fair repair. His hygiene was poor. He had a normal gait. He was cooperative. His speech was pressured and voice tone monotone. His thought processes were tangential and thought content optimistic. There were no psychotic thought processes reported or observed. He was alert and oriented. Based on the claimant's interview presentation, level of school completion, presence of a learning disability, test scores and work history, Dr. Bowerman opined the claimant's intellectual functioning appeared to be in the Borderline range.

> On examination, the claimant's memory appeared moderately to markedly impaired. His attention and concentration were mildly impaired. It was noted the claimant's efforts were good across the testing session. His concentration and task persistence were good. His performance on the tests were considered an adequate assessment of his current level of functioning. On testing the claimant scored a Full Scale IQ of 72, falling within the Borderline range.

(A.R. 27-29).

Based on this opinion and other evidence, the ALJ found that Plaintiff has the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: is limited to understanding, remembering and carrying out simple routine and repetitive tasks, using judgment limited to simple work related decisions and is capable of interacting with and coworkers and the public occasionally.

(A.R. 21).

### B. Plaintiff's First Appeal

Plaintiff filed a complaint in this Court challenging the ALJ's first decision on August 10, 2023. (1:23-cv-1209-EPG, ECF No. 1). Plaintiff's motion for summary judgment argued, in part, that the ALJ erred by failing to account for limitations included in Dr. Bowerman's opinion despite finding that opinion persuasive. (1:23-cv-1209-EPG; ECF No. 14, pp. 7-9). Plaintiff's argument on that point includes the following:

> Here, the ALJ first committed legal error in rejecting – for no reasons at all – the opinions from Social Security's consulting psychologist Sara Bowerman, PhD. *Compare*, AR 21 [RFC finding] *with* AR 27-28, 543 [Dr. Bowerman's opinions]. On February 22, 2021, Dr. Bowerman examined Plaintiff, administered a series of psychological tests and assessed Plaintiff is moderately limited in his ability to (i) respond appropriately to supervisors, co-workers, and the public; (ii) handle usual work situations, such as attendance and safety; and (iii) deal with changes in a routine work setting, among other limitations. AR 534-543. The ALJ accepted these limitations as true but inexplicably failed to include them in the RFC finding. That is legal error. *See*, *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ["[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."].

> Indeed, it is clear the moderate limitations from Dr. Bowerman that the ALJ found

"persuasive" are not included in the RFC that only limits Plaintiff to simple, repetitive tasks, simple work decisions, and occasional interactions with coworkers and the public. *See*, AR 21; *Burruel v. Kijakazi*, 2022 U.S. Dist. LEXIS 186580 at *13-17, 2022 WL 7099721 (E.D. Cal. Oct. 11, 2022) [moderate restrictions in understanding, remembering, applying information, concentration, and persistence not accounted for with ALJ's limitation to simple work and collecting cases]. The ALJ erroneously fails to explain how Dr. Bowerman's limitations in attendance, workplace safety, interactions with supervisors, and dealing with routine workplace changes are included in the RFC or why they are excluded. *Raven M. v. Kijakazi*, 2023 U.S. Dist. LEXIS 17285 at *11-14 (C.D. Cal. Feb. 1, 2023) [reversing where RFC limited to simple, repetitive tasks, occasional interactions, and no high production work addressed claimant's moderate limitations in attendance]; *Wascovich v. Saul*, 2019 U.S. Dist. LEXIS 161035 at *5-11, 2019 WL 4572084 (E.D. Cal. Sept. 19, 2019).

Plaintiff's inattention, memory problems, lack of focus, and diminished social skills, which underlie Dr. Bowerman's limitations, are likewise reflected throughout the record. His evidence of burning down his house due to forgetting about a stove, ignoring years of unopened mail, sleeping with his goats, routinely presenting with a disheveled unkept appearance, ignoring bags of trash in his house, and urinating himself in public, for instance, are obviously consistent with Dr. Bowerman's opinions (and then some). *See*, *e.g.*, AR 545-546, 549, 537, 496, 500, 502, 432-433, 382 ["I often wet my pants."], 325, 63-64. Because the ALJ failed to include Dr. Bowerman's well-supported limitations in the RFC, the Court should reverse.

(1:23-cv-1209-EPG, ECF No. 14, at pp. 7-9).

### C. The Court's Remand Order

In an order dated March 29, 2024, this Court issued a final order that reversed the ALJ's decision and remanded the case for further proceedings. (1:23-cv-1209-EPG, ECF No. 18, at p. 12). Regarding Dr. Bowerman's opinion, the Court agreed with Plaintiff's argument, concluding that:

The ALJ had no duty to credit Dr. Bowerman's opinion, but once the ALJ did, "the ALJ was under an obligation to account for [the moderate limitations assessed] irrespective of the broader reasoning in support of the RFC." *Harrell*, 2021 WL 4429416, at *4. Because the ALJ failed to properly address Plaintiff's moderate limitations in handling usual work situations, like attendance and safety issues, and in responding appropriately to supervisors, the RFC is not supported by substantial evidence.

(1:23-cv-1209-EPG, ECF No. 18, at p. 5).

The Court then issued the following remand order:

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED, in part, for further administrative proceedings consistent with this decision. Specifically, the ALJ is directed to account for the moderate limitations opined by Dr. Bowerman when formulating the RFC.

(1:23-cv-1209-EPG, ECF No. 18, at p. 12).

### D. Remand Proceedings

On remand, ALJ Misenti again presided over Plaintiff's case and again denied him benefits. (A.R. 603). Rather than account for the moderate limitations opined by Dr. Bowerman when formulating the RFC, ALJ Misenti instead altered his previous opinion regarding the persuasiveness of Dr. Bowerman's opinion. Despite previously concluding that Dr. Bowerman's opinion was "consistent with, and supported by, evidence in the record, as well as examination of the claimant," on remand, ALJ Misenti changed that conclusion to finding parts of Dr. Bowerman's opinion not persuasive.  Specifically, the ALJ stated:

At the request of this Agency, the claimant underwent a psychological evaluation on February 22, 2021, with Sara Bowerman Ph.D. wherein the doctor diagnosed an Attention Deficit Hyperactivity Disorder, Autism Spectrum Disorder, Generalized Anxiety Disorder, and Borderline Intellectual Functioning. Dr. Bowerman opined the claimant had mild impairment in his ability to understand, remember, and carry out simple one or two-step job instructions and ability to maintain concentration, attention, and for pacing, tracking, and scanning. The claimant has moderate limitations in his ability to understand, remember, and carry out detailed, but uncomplicated, job instructions; ability to respond appropriately to co-workers and supervisors and the public; ability to respond appropriately to usual work situations (attendance, safety, etc.); ability to deal with changes in a routine work setting; and neurodevelopmental and anxiety disorders moderately impair his ability to interact with others in socially acceptable ways. Further, Dr. Bowerman opined the claimant had marked limitations in his ability to understand, remember, and carry out an extensive variety of technical and/or complex job instructions (Exhibit 8F).

*The portion of Dr. Bowerman's opinion regarding difficulties in responding appropriately to usual work situations (attendance, safety, etc.) and dealing with changes in a routine work setting is not persuasive.* This portion of the opinion is vague and ambiguous and is not supported by the only mildly impaired attention and concentration, good persistence, normal orientation, good judgment, and fine mood that the claimant demonstrated during Dr. Bowerman's examination (Exhibit 8F). This portion of the opinion is also inconsistent with the linear, goal-directed, and organized thought process, full orientation, and neutral mood that the

6

claimant displayed at Dr. Spivey's examination (Exhibit 4F). In addition, this portion of the opinion is inconsistent with the generally normal affect documented in the treatment notes from the claimant's primary care provider (Exhibits 2F and 11F). Moreover, the claimant has not required psychiatric hospitalization (Exhibits 4F and 8F). In fact, he admittedly "does not consider himself to have any psychiatric conditions that need treatment" (Exhibit 4F/3).

(A.R. 597-98) (emphasis added). Based on this revised assessment of the persuasiveness of Dr. Bowerman's opinion, the ALJ did not account for the moderate limitations opined by Dr. Bowerman when formulating the RFC, and again denied his benefits.

### E. Plaintiff's Current Case

On May 21, 2025, Plaintiff filed the present case, which challenges the ALJ's decision on remand.

Plaintiff argues that the ALJ violated the scope of this Court's remand order by "re-adjudicat[ing]" the "decided issue" of the persuasiveness given to Dr. Bowerman's assessed moderate limitations regarding difficulties in responding appropriately to usual work situations (attendance, safety, etc.) and dealing with changes in a routine work setting.[1] (ECF No. 14, p. 12; *see also* ECF No. 30, pp. 3-5).

Defendant argues in its response that Plaintiff misunderstands "the plain language of the Court's remand order," which permitted the ALJ to "account[] for these opined limitations by finding that they lacked supportability and consistency and were therefore unpersuasive." (ECF No. 24, p. 4). Additionally, Defendant argues than any error was harmless. (*Id.*).

## II.    DISCUSSION

The Court agrees with the Plaintiff that the ALJ failed to follow the Court's previous remand order and instead improperly altered his previous decision about the persuasiveness of Dr. Bowerman's opinion.

It is settled that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."

---

[1] Plaintiff raises a similar issue that the ALJ misled him about the scope of the remand, leading him to not be able to prepare for the hearing. (ECF No. 14, pp. 8-11). Plaintiff also raises a Step Five issue regarding the VE's testimony about job numbers at the second hearing. (ECF No. 14, p. 13; *see* A.R. 624-28). Because the Court concludes that the ALJ violated the scope of the remand, the Court need not address these additional issues.

*Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989).

Here, the Court remanded the case "for further administrative proceedings consistent with [its] decision. Specifically, the ALJ is directed to account for the moderate limitations opined by Dr. Bowerman when formulating the RFC." (1:23-cv-1209-EPG, ECF No. 18, p. 12). Contrary to this order, ALJ Misenti did not account for the moderate limitations opined by Dr. Bowerman when formulating the RFC.

In its opposition brief, Defendant argues that the ALJ did follow the Court's instructions in its remand order because "[t]he ALJ accounted for these opined limitations by finding that they lacked supportability and consistency and were therefore unpersuasive." (ECF No. 24, at p. 4). But this argument ignores the language of the Court's remand instructions, the rest of the Court's order, and Ninth Circuit authority.

The Court's remand instructions specifically ordered the ALJ to account for the relevant limitations "*when formulating the RFC.*"  (1:23-cv-1209-EPG, ECF No. 18, p. 12) (emphasis added). The ALJ's subsequent order did not account for the limitations when formulating the RFC. Instead, the ALJ provided changed its previous finding that Dr. Bowerman's opinion was persuasive, and again failed to account for her limitations in the RFC.  Defendant's argument thus ignores the plan language of the Court's remand order.

Moreover, the Court's discussion in that order makes it clear that the ALJ's error concerned failing to include the limitations in the RFC—not failing to analyze those limitations at all.  The Court's order specifically stated as follows:

> The ALJ had no duty to credit Dr. Bowerman's opinion, but once the ALJ did, "the ALJ was under an obligation to account for [the moderate limitations assessed] irrespective of the broader reasoning in support of the RFC." *Harrell*, 2021 WL 4429416, at *4. Because the ALJ failed to properly address Plaintiff's moderate limitations in handling usual work situations, like attendance and safety issues, and in responding appropriately to supervisors, the RFC is not supported by substantial evidence."

(1:23-cv-01209-EPG, ECF No. 18, p. 5). It is clear from this language that the direction to "account for the moderate limitations opined by Dr. Bowerman when formulating the RFC," meant to add those limitations to the RFC—not to alter the findings about the persuasiveness of

8

Dr. Bowerman's opinion. This interpretation is further supported by the order's citation to *Harrell v. Kijakazi*, No. 1:20-CV-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021), and the cases in turn cited by it, which likewise share the Court's understanding of what it means "to account" for limitations in an RFC:

> The ALJ was under no obligation to accept a medical opinion he found unsupported by the record. But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC. *See Wascovich v. Saul*, 2:18-CV-659-EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) ("where the ALJ accepts the medical assessment of moderate limitations, those limitations must be accounted for in the RFC."). "This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.'" *Wascovich*, 2019 WL 4572084 at *5; *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

*Harrell*, No. 2021 WL 4429416, at *4; (*see* 1:23-cv-1209-EPG, ECF No. 18, p. 5).

The Commissioner's argument also runs contrary to Ninth Circuit authority regarding the scope of remand. The Ninth Circuit has repeatedly stated that remand is not an opportunity for an ALJ to provide new reasoning for conclusions that were already rejected on appeal. *See Garrison v. Colvin,* 759 F.3d 995, 1021–1022 (9th Cir. 2014) ("[O]ur precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose.'"); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.").

Indeed, it appears that ALJ Misenti himself understood that the Court's remand order required him to incorporate Dr. Bowerman's limitations into the RFC and solicit testimony from the Vocational Expert regarding the availability of jobs with the revised RFC. As Plaintiff

emphasizes in his brief, the ALJ stated during the remand hearing:

> [A]nd I'll just quote from the remand order. The ALJ is directed to account for Dr. Bowernman's opinion that the Claimant is moderately limited in handling usual work situations like attendance and safety issues and responding to supervisors. All right, it's a little unusual to have a hearing with such a narrow scope, but that's what we have here . . . and like I said the Claimant's presence is not necessary in this case given the very limited narrow scope issue involved and that it's for us to redo VE testimony . . . .

(A.R. 614).  However, for some reason, ALJ Misenti's written opinion did not follow his own explanation of the remand order.

Lastly, Defendant argues harmless error: "Nevertheless, the ALJ, consistent with Dr. Bowerman's opinion, limited Plaintiff to only simple tasks with safety precautions and only occasional interaction with supervisors, coworkers, and the public, such that Plaintiff cannot show harm by the ALJ's persuasiveness findings regarding the doctor's opinion." (ECF No. 24, p. 4).

However, the Court previously rejected this same argument in 1:23-cv-1209-EPG:

> [A]lthough one court has recently noted that there is a "split" on this issue, the caselaw "tends to favor the view that a restriction to simple/routine tasks with limited public contact does not account for the moderate limitations [of] . . . maintaining regular attendance[] and completing a normal workweek without interruption." *Harrell v. Kijakazi*, No. 1:20-CV-00614-GSA, 2021 WL 4429416, at \*6 (E.D. Cal. Sept. 27, 2021) (collecting cases); *see also Berenisia Madrigal v. Saul*, No. 1:18-CV-01129-SKO, 2020 WL 58289, at \*5 (E.D. Cal. Jan. 6, 2020) (concluding that limitation to simple, routine tasks with limited peer and public contact did not account for "moderate limitations completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment"). This is because a limitation to simple and repetitive tasks addresses "concentration, attention, persistence, or pace" but would not adequately account for "Plaintiff's ability to . . . maintain regular attendance in the workplace and perform work activities on a consistent basis . . . ." *Donna M. v. Saul*, No. 19-CV-03134-DMR, 2020 WL 6415601, at \*4 (N.D. Cal. Nov. 2, 2020).

(1:23-cv-1209-EPG, ECF No. 18, pp. 4-5).  Thus, the Court already found in the first appeal that the ALJ's failure to incorporate these limitations constituted harmful error.

Accordingly, because the ALJ violated the scope of the Court's remand order by reconsidering the persuasiveness of portions of Dr. Bowerman's opinion rather than account for her limitations in the RFC, the ALJ committed legal error.

10

The question becomes the appropriate next step. Plaintiff requests that "the Court again remand" this case for further administrative proceedings and "the Court order this case heard by a different ALJ." (ECF No. 14, p. 14).

Before addressing Plaintiff's request to remand the case to a different ALJ, the Court would like to consider whether the VE's testimony on remand is adequate to determine whether a sufficient number of jobs exist that Plaintiff could perform, once Dr. Bowerman's relevant limitations are accounted for, and thus whether the Court should remand for an award of benefits. (*See* A.R. 620-27). Accordingly, the Court will direct the parties to confer on this issue and submit an appropriate filing.

## II.    CONCLUSION AND ORDER

For the reasons given, the decision of the Commissioner of the Social Security Administration is REVERSED.

However,  in order to determine whether the Court should remand this case for an award of benefits or for further proceedings, the Court concludes that further briefing is warranted. Accordingly, IT IS ORDERED as follows:

1.  The parties are directed to meet and confer on whether the VE's testimony is sufficient to resolve the question of whether a sufficient number of jobs exist that Plaintiff could perform, once Dr. Bowerman's relevant limitations are accounted for in the RFC.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

2. Within 21 days, the parties shall file either (1) a stipulation reflecting their joint agreement as to whether a remand for an award of benefits or for further proceedings is warranted; or (2) if they cannot agree, individual briefs, not to exceed 5 pages each, reflecting their respective positions on this issue.[2]

IT IS SO ORDERED.

Dated:   **February 23, 2026**           /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE

---

[2] The Clerk of Court shall <u>not</u> enter judgment until further order of the Court.

12