UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SWEELEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:25-cv-00601-EPG<br><br>ORDER REMANDING CASE FOR<br>FURTHER PROCEEDINGS<br><br>(ECF Nos. 1, 14, 24, 30, 31, 32, 33). |

## I.　　BACKGROUND

On February 23, 2026, the Court issued an order reversing the ALJ's decision, which had found Plaintiff not disabled in connection with his application for supplemental security income benefits. (ECF No. 31). In that order, the Court found that the ALJ erred by failing to follow the Court's prior remand order to account for moderate limitations opined by Dr. Bowerman (which the ALJ previously found persuasive) when formulating the RFC. The Court concluded that "the ALJ failed to follow the Court's previous remand order and instead improperly altered his previous decision about the persuasiveness of Dr. Bowerman's opinion." (*Id.* at 7).

However, before issuing a judgment, the Court directed the parties to meet and confer about whether the VE's testimony in this case was sufficient to resolve whether a sufficient number of jobs existed that Plaintiff could perform, after accounting for Dr. Bowerman's relevant limitations in the RFC.

The parties have now filed supplemental briefs on this issue. (ECF Nos. 32, 33). As explained below, the Court will remand this matter for further proceedings with instructions to assign a different ALJ to Plaintiff's case.

## II.    DISCUSSION

Plaintiff's motion for summary judgment asked that "the Court again remand this claim for further proceedings with the appropriate corrective instructions," and that "the Court order this case heard by a different ALJ." (ECF No. 14, p. 14).

Before addressing that request, the Court directed the parties "to meet and confer on whether the VE's testimony [was] sufficient to resolve the question of whether a sufficient number of jobs exist that Plaintiff could perform, once Dr. Bowerman's relevant limitations are accounted for in the RFC." (ECF No. 31, p. 11). The parties were permitted to "file either (1) a stipulation reflecting their joint agreement as to whether a remand for an award of benefits or for further proceedings [was] warranted; or (2) if they [could not] agree, individual briefs, not to exceed 5 pages each, reflecting their respective positions on this issue." (*Id.* at 12). The parties were unable to stipulate, so they filed individual briefs. (ECF Nos. 32, 33).

Plaintiff's supplemental brief argues that the VE testimony establishes that Plaintiff would be unable to sustain employment if he misses one day of work per month and the moderate limitations at issue here would result in Plaintiff missing at least one day of work per month. (ECF No. 32, pp. 3-4). Plaintiff argues that "further administrative proceedings serve[] no legitimate purpose" and thus advocates for a remand for an award of benefits. (*Id.* at 3).

Defendant's supplemental brief argues that a remand for further proceedings is required because the VE "did not consider the limitations at issue in any of the hypothetical questions presented by the [ALJ]" and the moderate limitations at issue "are so vague as to make it unclear whether they would erode the occupational base enough to preclude a significant number of positions nationally." (ECF No. 33, p. 2).

However, Defendant represents that, if this case were remanded for further proceedings, "the Appeals Council will assign this case to a new ALJ and direct him or her to comply with the Court's and the Council's prior remand orders, obtain additional [VE] evidence, offer Plaintiff the

opportunity for a new hearing, take any further action needed to complete the administrative record, and issue a new decision." (*Id.*).

Although the Court finds Plaintiff's argument--that the moderate limitations would preclude work--to be persuasive, it recognizes that the VE did not specifically opine on the moderate limitations at issue and thus an award of benefits is not appropriate. However, based on Defendant's agreement that "the Appeals Council will assign this case to a new ALJ" on remand, the Court will remand with such instructions.

### III.    CONCLUSION AND ORDER

For the reasons given above and in the Court's prior order reversing the decision of the Commissioner of the Social Security Administration (ECF No. 31), IT IS ORDERED as follows:

1.  This matter is REVERSED and REMANDED for further administrative proceedings.

2.  On remand, the Appeals Council shall assign a new ALJ to this case.

3.  On remand, the ALJ shall,

    a.  Accept as persuasive, and without reconsideration, the moderate limitations at issue opined by Dr. Bowerman.

    b.  Account for (or otherwise incorporate) the moderate limitations at issue opined by Dr. Bowerman when formulating the RFC.

    c.  Obtain any VE testimony needed to determine whether Plaintiff can perform jobs existing in significant numbers in the national economy in light of the newly formulated RFC.

4.  The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:    **March 25, 2026**                   /s/ *Erica P. Grosjean*
                                         UNITED STATES MAGISTRATE JUDGE

3